(89 South. 830)
## LOVE et al. v. TANNER. (6 Div. 735.)

(Court of Appeals of Alabama. April 19, 1921.)

**Appeal and error ☞1010(1)—Judgment will not be disturbed where supported by ample evidence.**

Judgment rendered by court after a trial without a jury will not be disturbed on appeal, where there is ample evidence to support court's conclusion.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Detinue by T. B. Tanner against James R. Love and J. H. Ingram, for the recovery of one automobile. Judgment for plaintiff, and the defendants appeal. Affirmed.

The action was based upon a note made by Carl H. Smith to T. B. Tanner in the purchase of the automobile, the note being payable at the American Trust & Savings Bank, in Birmingham, on which William W. Penn was the indorser. In connection with the note was a contract signed by Smith and Penn wherein the Hup-Mobile was deposited and pledged as collateral security for the payment of the note or any other liability that was now existing or hereafter contracted with the usual provision for the sale of any part of the collateral by the holder at public or private sale. The defendant's contention was that they purchased the car from Smith after it had been in their garage for some time, and that Smith and his mother both assured him that there was no incumbrance or lien on the car. That Smith resided in Jefferson county and had possession of the car in Jefferson county, and so far as it appeared from the records of the probate court the contract had not been recorded. The defendants moved to exclude the written instrument because it showed no title in plaintiff to the car, showed no right of possession in plaintiff, it had not been recorded, and it is not shown that defendant had any notice of it.

C. W. & H. G. Sanders, of Ensley, for appellants.

The instrument was a mortgage, and not a conditional sale. 84 Ala. 316, 4 South. 31; 148 Ala. 283, 41 South. 768; 110 Ala. 232, 20 South. 89. Having allowed Smith to retain possession of the pledged property, notice of the pledge must have been given. 126 Ala. 194, 28 South. 603, 85 Am. St. Rep. 21; 8 Ala. App. 487, 62 South. 537; 11 Ala. App. 58, 65 South. 732; 50 Ala. 388.

Burgin & Jenkins, of Birmingham, for appellee.

The court will not disturb the verdict, as there is evidence to support it and it is not

patently unjust. 148 Ala. 503, 41 South. 930; 153 Ala. 602, 44 South. 1026; 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100; 159 Ala. 437, 49 South. 231; 162 Ala. 105, 49 South. 1030; 165 Ala. 387, 51 South. 343. The purchasers were not bona fide purchasers. 160 Ala. 300, 48 South. 1031; 84 Ala. 316, 4 South. 31; 56 Ala. 599.

BRICKEN, P. J. Tanner brought an action of detinue against appellants to recover an automobile. The cause was tried by the court, without a jury, and judgment was rendered for plaintiff. Defendants excepted to this action of the court, and appeal.

We are of the opinion that the court properly held that plaintiff was entitled to recover, and that on the question as to whether or not defendants in the court below were bona fide purchasers without notice there was ample evidence to justify the court in its conclusion in this connection.

As stated, this case was tried by the court without the intervention of a jury. There was ample evidence to support the judgment, and the reviewing courts will not disturb the judgment of the court below where this is shown. In cases only where it appears that the judgment rendered is either without evidence to support it or that the decision of the court is repugnant to the preponderance of the evidence will the findings be disturbed.

There being no error in the record, the judgment of the lower court is affirmed.

Affirmed.